■ FRANK DE FRANCE, Respondent, v. RICHARD W. OESTRIKE, Doing Business as ROCK LEDGE MARKET, Appellant, et al., Defendant.— Appeal from so much of an order as granted summary judgment striking out the denials contained in the answer with respect to the second cause of action alleged in the complaint. In that cause of action respondent sought to recover damages for personal injuries arising out of a breach of an implied warranty of the fitness of food sold for human consumption. Respondent claimed that he became ill because of the presence of a dead frog in a bottle of soda, purchased at appellant's store and from which respondent drank. The motion for summary judgment was based upon affidavits by respondent, respondent's doctor, and appellant's employee who sold the soda to respondent. The respondent's motion was granted by the Special Term apparently because appellant in his opposing papers was unable to submit any facts controverting respondent's claim. Order insofar as appealed from reversed, with $10 costs and disbursements, and motion denied. A motion for summary judgment should not be granted "If the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the

knowledge of the opponent" (Tripp, A Guide to Motion Practice, § 95, subd. 6, p. 280; *Suslensky* v. *Metropolitan Life Ins. Co.,* 180 Misc. 624, affd. 267 App. Div. 812; *Universal Major Elec. Appliances* v. *Rudisco,* 3 A D 2d 687; *Segal* v. *National City Bank of N. Y.,* 269 App. Div. 986). We do not pass upon the applicability of rule 113 of the Rules of Civil Practice, as it read at the time this motion was made and decided, to this type of action. See, however, rule 113 of the Rules of Civil Practice, as amended effective March 1, 1959. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.